This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42140**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**ANGELICA P.,**

       Respondent-Appellant,

and

**LUIS C. JR.,**

       Respondent,

**IN THE MATTER OF LEVI C.
and LUCAS C.,**

       the Children.

**APPEAL FROM THE DISTRICT COURT OF DOŃA ANA COUNTY
Grace B. Duran, District Court Judge**

Children, Youth & Families Department
Amanda Romero, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     Respondent Angelica P. (Mother) appeals the termination of her parental rights to two minor children (Children). This Court issued a notice of proposed disposition, in which we proposed to affirm. Mother filed a memorandum in opposition (MIO), raising issues that were not previously asserted in Mother's docketing statement and requesting that we construe the MIO as an amendment to the docketing statement. We do so and grant such motion to amend. *See* Rule 12-210(D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues," but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition). Having duly considered the MIO and the motion to amend, we remain unpersuaded and affirm.

**{2}**     In Mother's MIO, she contends that Children, Youth, and Families Department (CYFD) failed to prove by clear and convincing evidence that the conditions and causes of neglect were unlikely to change in the foreseeable future despite reasonable efforts by CYFD to assist Mother in adjusting such conditions and causes. [MIO 8, 11] "Before a court may terminate parental rights based on abuse or neglect, it must find by clear and convincing evidence: (1) that the child was abused or neglected, (2) that the conditions and causes of the abuse and neglect were unlikely to change in the foreseeable future, and (3) that . . . CYFD made reasonable efforts to assist the parent in adjusting the conditions which rendered the parent unable to properly care for the child." *State ex rel. Child., Youth & Fams. Dep't v. Benjamin O.*, 2007-NMCA-070, ¶ 30, 141 N.M. 692, 160 P.3d 601 (alterations, internal quotation marks, and citation omitted). "We will uphold the district court's judgment if, viewing the evidence in the light most favorable to the judgment, [the district court] could properly determine that the clear and convincing standard was met." *State ex rel. Child., Youth & Fams. Dep't v. Hector C.*, 2008-NMCA-079, ¶ 11, 144 N.M. 222, 185 P.3d 1072 (internal quotation marks and citation omitted).

**{3}**     Mother contends that although she had not fully complied with her treatment plan, "she was on the road of improving every aspect of her life so that she could raise Children in a safe and stable environment," and that "in another few months, [Mother] would be ready to take Children back into her custody and care." [MIO 10-11] Mother does not specifically assert that CYFD failed to make reasonable efforts to assist her in adjusting the conditions that initially brought Children into CYFD custody. Mother does,

however, imply that she was not given adequate time to work her treatment plan in order to demonstrate that such conditions would improve in the foreseeable future. [MIO 10] We are not persuaded by Mother's implied contention.

**{4}** Although CYFD is required to reasonably assist parents in adjusting the relevant conditions through compliance with a treatment plan, "[p]arents do not have an unlimited time to rehabilitate and reunite with their children." *State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶ 21, 136 N.M. 53, 94 P.3d 796. "Because it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely," and "[w]hen balancing the interests of parents and children, the court is not required to place the children indefinitely in a legal holding pattern, when doing so would be detrimental to the children's interests." *State ex rel. Child., Youth & Fams. Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266 (internal quotation marks and citation omitted); *see also* NMSA 1978, § 32A-4-29(G) (2009, amended 2022) (providing that CYFD is required to move for termination of parental rights after a child has been in CYFD custody for fifteen of the last twenty-two months); § 32-A-29(A) ("A motion to terminate parental rights may be filed at any stage of the abuse or neglect proceeding by a party to the proceeding.").

**{5}** Children came into CYFD custody on June 30, 2022, and CYFD filed its termination motion nearly a year later on June 12, 2023. [1 RP 17-18, 193] The district court filed its judgment terminating Mother's parental rights on August 12, 2024, finding that Mother neither fully engaged nor completed her treatment plan, and that the causes and conditions of neglect were unlikely to change in the foreseeable future despite the reasonable efforts of CYFD and other agencies. [2 RP 326] To the extent Mother's MIO asserts that she would be capable of reunification, these facts indicate that Children were in CYFD custody for more than two years, during which time Mother was ordered to engage with and complete her treatment plan. Mother acknowledges that despite such order, she did not participate in substance abuse treatment or drug testing as required by her treatment plan. [MIO 4-7] Specifically, during a May 2023 permanency hearing, Mother stated that "she was concerned about doing substance abuse treatment because it would make her crave and relapse," but that "she had already been drug-free for five months." [MIO 6] Mother concedes, and the record reflects, however, that she tested positive for methamphetamines during a July 2023 drug test, and that as of November 2023 she had refused to complete any further drug testing. [MIO 7; RP 229-30]

**{6}** Mother asserts that she complied with certain aspects of her treatment plan [MIO 10-11], but Mother's partial engagement with her treatment plan does not indicate error in the district court's ultimate judgment. The scope of our review on appeal is limited to determining whether the termination of Mother's parental rights, "when viewed in the light most favorable to the decision below, was supported by substantial evidence, not whether the [district] court could have reached a different conclusion." *State ex rel. Child, Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 31, 132 N.M. 299, 47 P.3d 859. Moreover, we will not reweigh the evidence or assess the credibility of witnesses, deferring instead to the findings and conclusions of the district court as the

trier of fact. *See State ex rel. Child., Youth & Fams. Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24 128 N.M. 701, 997 P.2d 833. Here, the evidence supports the district court's findings that, as acknowledged in her MIO, Mother had not maintained sobriety and had not sought services to assist her in doing so. Given the lack of demonstrable effort by Mother to address her substance use in the period between her no-contest plea to neglect and the termination judgment, the district court could reasonably conclude that Mother was unlikely to ameliorate the causes and conditions of Children's neglect in the foreseeable future. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶ 53, 421 P.3d 814 (concluding substantial evidence supported the district court's findings that the causes of neglect and abuse were unlikely to change in the foreseeable future where the parent failed to perform the requirements of a treatment plan for two years).

**{7}** Accordingly, we conclude that the evidence in this case was sufficient to support the district court's judgment and affirm.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**